```
          IN THE UNITED STATES DISTRICT COURT FOR THE
                  EASTERN DISTRICT OF OKLAHOMA

RAMONA FAYE SMITH,              )
                                )
            Plaintiff,          )
                                )
                                ) Case No. CIV-18-346-RAW-KEW
                                )
COMMISSIONER OF THE SOCIAL      )
SECURITY ADMINISTRATION,        )
                                )
            Defendant.          )
```

**REPORT AND RECOMMENDATION**

Plaintiff Ramona Faye Smith (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the recommendation of the undersigned that the Commissioner's decision be REVERSED and the case REMANDED for further proceedings.

**Social Security Law and Standard of Review**

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairments are of

such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. § 423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See* 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal standards were applied. *Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997) (citation omitted). The term "substantial evidence" has been interpreted by the United States

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally, Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971), quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. *Casias v. Secretary of Health & Human Servs.*, 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also*, *Casias*, 933 F.2d at 800-01.

### Claimant's Background

Claimant was 48 years old at the time of the decision. She has a high school education and past work as a prep cook. Claimant alleges an inability to work beginning on August 25, 2015, due to limitations resulting from osteoarthritis, anemia, acute congestive heart failure, diabetes, pancreatitis, GERD, hiatal hernia, high blood pressure, asthma, knee pain, back pain, hip pain, rheumatoid arthritis, and pain in hands and elbows.

### Procedural History

On December 28, 2015, Claimant filed for a period of disability and disability insurance benefits under Title II (42 U.S.C. § 401, *et seq.*) of the Social Security Act and protectively filed for

supplemental security income benefits pursuant to Title XVI (42 U.S.C. § 1381, *et seq.*) of the Social Security Act. Claimant's applications were denied initially and upon reconsideration. On July 25, 2017, Administrative Law Judge("ALJ") James Linehan conducted an administrative hearing in McAlester, Oklahoma, which Claimant participated in by video from Muskogee, Oklahoma. On November 17, 2017, the ALJ entered an unfavorable decision. Claimant requested review by the Appeals Council, and on August 21, 2018, the Appeals Council denied review. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

## Decision of the Administrative Law Judge

The ALJ made his decision at steps four and five of the sequential evaluation. He determined that while Claimant suffered from severe impairments, she did not meet a listing and retained the residual functional capacity ("RFC") to perform light work with additional limitations. She could return to her past relevant work. Alternatively, the ALJ determined there were jobs in the national economy existing in sufficient numbers Claimant could perform.

## Errors Alleged for Review

Claimant asserts the ALJ committed error because: (1) the RFC is not supported by substantial evidence, and (2) the ALJ failed to develop the record regarding Claimant's rheumatoid arthritis.

4

**RFC Determination**

In his decision, the ALJ found Claimant suffered from severe impairments of degenerative joint disease of the right knee and carpal tunnel syndrome. (Tr. 181). He determined Claimant could perform light work with additional limitations. In so doing, he found Claimant could lift twenty pounds occasionally and lift and carry ten pounds frequently. Claimant could stand and walk alternatively for a total of six hours in an eight-hour workday with sitting occurring intermittently throughout the day. Claimant could reach, push, and pull with her upper extremities up to six hours in an eight-hour workday, and she could use her hands for grasping, holding, and turning objects up to six hours in an eight-hour workday. She could climb, stoop, kneel, crouch, crawl, and balance up to six hours per eight-hour workday. (Tr. 183).

After consultation with a vocational expert ("VE"), the ALJ determined Claimant retained the RFC to perform her past relevant work as a prep cook. Alternatively, he determined Claimant could perform the jobs of cashier II, office helper, and document specialist, all of which existed in significant numbers in the national economy. (Tr. 187-88). As a result, the ALJ concluded Claimant was not under a disability from August 25, 2015, through the date of the decision. (Tr. 189).

Claimant contends that the ALJ's RFC determination is not supported by substantial evidence. She maintains that the ALJ

5

failed to discuss, either disregarding or discounting, numerous findings in the evidence pertaining to her impairments, pain, and mobility, which contradict his findings.

Although the ALJ discussed certain evidence in the decision, there are several medical records and findings that were not discussed. For example, when mentioning that Claimant's postoperative restrictions were limited, the ALJ did not mention that the condition of Claimant's right knee almost warranted joint replacement and that her surgery would only help her meniscus but not symptoms related to her osteoarthritis. (Tr. 186, 827, 852-53, 1160-61). The ALJ also disregarded other findings related to Claimant's osteoarthritis and its effect on her lower extremities, issues with her upper extremities, and tenderness, painful mobility and altered gait associated with her lower back. (Tr. 460-62, 540, 585, 606, 616, 758, 760, 771, 827, 852-53, 1160, 1168, 1171-72, 1175, 1178, 1182, 1185, 1213, 1219, 1237-38, 1280, 1291-94, 1296, 1306, 1313, 1322-23). Moreover, the ALJ noted Claimant did not use an assistive device and pain medications, when the records show her use of crutches and a shower chair and use of pain medication with adverse side effects. (Tr. 186, 392-93, 427-28, 474, 485, 538, 540, 542, 579, 607, 609, 630, 663, 768, 1210, 1213, 1233, 1263, 1273, 1306, 1315, 1324, 1338).

"[I]n addition to discussing the evidence supporting his decision, the ALJ must also discuss the uncontroverted evidence he

6

chooses not to rely upon, as well as significantly probative evidence he rejects." *Clifton v. Chater*, 79 F.3d 1007, 1010 (10th Cir. 1996) (citation omitted). The ALJ may not "pick and choose among medical reports, using portions of evidence favorable to his position while ignoring other evidence." *Hardman v. Barnhart*, 362 F.3d 676, 681 (10th Cir. 2004), citing *Switzer v. Heckler*, 742 F.2d 382, 385-86 (7th Cir. 1984). The ALJ must "explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved." *See* Soc. Sec. Rul. 96-8p, 1996 WL 374184.

In light of this evidence, on remand, the ALJ should reassess the RFC after discussing all the probative evidence in the record with regard to Claimant's impairments, reconsider her subjective complaints in light of the evidence, and determine what work, if any, she can perform.

### Duty to Develop the Record

Claimant contends the ALJ failed to properly develop the record. She asserts the ALJ failed to obtain missing medical records pertaining to her rheumatoid arthritis brought to his attention during the administrative hearing and failed to order a consultative examination.

The ALJ "'bears responsibility for ensuring that an adequate record is developed during the disability hearing consistent with the issues raised.'" *Maes v. Astrue*, 522 F.3d 1093, 1096 (10th

7

Cir. 2008), quoting *Branum v. Barnhart*, 385 F.3d 1268, 1271 (10th Cir. 2004). This responsibility includes "obtaining pertinent, available medical records which come to [the ALJ's] attention during the course of the hearing." *Carter v. Chater*, 73 F.3d 1019, 1022 (10th Cir. 1996) (citations omitted). The ALJ's duty to ensure an adequate record is "heightened when a claimant is unrepresented." *Musgrave v. Sullivan*, 966 F.2d 1371, 1374 (10th Cir. 1992). However, an ALJ has broad latitude when deciding whether to order a consultative examination. *Hawkins*, 113 F.3d at 1166, citing *Diaz v. Secretary of Health & Human Servs.*, 898 F.2d 774, 778 (10th Cir. 1990). "Ordinarily, the claimant must in some fashion raise the issue sought to be developed, which, on its face, must be substantial[.] . . . When the claimant has satisfied his or her burden in that regard, it then, and only then, becomes the responsibility of the ALJ to order a consultative examination if such an examination is necessary or helpful to resolve the issue of impairment." *Id*. at 1167 (citations omitted).

The administrative record reveals that at the hearing on July 25, 2017, Claimant appeared pro se without counsel or a representative. (Tr. 197-98). During the ALJ's questioning of Claimant, she testified that she experienced trouble with her knees from osteoarthritis. She also testified that she was currently seeing a rheumatologist, providing the name and location, and undergoing testing on her knees. (Tr. 202-03, 204, 212). Claimant's

records confirm her referral to a rheumatologist. (Tr. 1213, 1280, 1299, 1306, 1316, 1323). Thus, Claimant identified additional records during the administrative hearing regarding her impairments. In light of the ALJ's duty to obtain pertinent records that come to his attention during a hearing, and Claimant's unrepresented status, the Court finds the ALJ failed to develop the record and on remand should attempt to obtain Claimant's additional records.  Upon consideration of the records, the ALJ should determine whether a consultative examination "is necessary or helpful to resolve the issue of impairment." *Hawkins*, 113 F.3d at 1167.

## Conclusion

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not applied. Therefore, the Magistrate Judge recommends for the above and foregoing reasons, the ruling of the Commissioner of the Social Security Administration should be REVERSED and the case REMANDED for further proceedings.  The parties are herewith given fourteen (14) days from the date of the service of this Report and Recommendation to file with the Clerk of the court any objections, with supporting brief.  Failure to object to the Report and Recommendation within fourteen (14) days will preclude appellate review of this decision by the District Court based on such findings.

DATED this 13th day of March, 2020.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE